IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| TANIA MURRAY, § <br> **(aka TANIA GUZMAN)** Individually § <br> And Derivatively On Behalf Of § <br> **TGAG REAL ESTATE** § <br> **PROPERTIES, LLC,** § <br> Plaintiff**,** § <br>  § <br> v. § <br>  § <br> **DAVID ACOSTA, KELLER** § <br> **WILLIAMS REALTY HOLLYWOOD** § <br> **HILLS,** § <br> **FIRST CAPITAL TRUST DEEDS,** § <br> **5 ARCH FUNDING CORP.,** and § <br> **CHUCK HASZ ENTERPRISES, INC.,** § <br> Defendants**.** § | CAUSE NO.: 2:21-CV-50 <br> A CIVIL ACTION |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, TANIA MURRAY aka TANIA GUZMAN individually and derivatively on behalf of TGAG Real Estate Properties, LLC, by and through her undersigned Counsel, Randolph J. Ortega and Gabriel S. Perez, hereby file this Complaint and states as follows:

## PRELIMINARY STATEMENT

1. This lawsuit arises out of a real estate contract for property located at 920 Superba Ave. in Venice CA, herein referred to as "the Property". Plaintiff was solicited by Defendant, David Acosta to invest in The Property for the purposes of "flipping", (renovating real property and then selling for substantial profits). Over the span of a couple of years beginning in the fall of 2019, Plaintiff began to suspect that Defendant, David Acosta, had orchestrated an elaborate scheme to defraud Plaintiff of hundreds of thousands of dollars. In the Spring of 2020, Plaintiff's fears were confirmed when she was finally able to obtain a certificate of occupancy for the property she

purchased. Defendant David Acosta had worked in concert with the other Defendants to conceal the appropriation of over $375,000.00 dollars as of the date of this filing. In addition to fraudulent transfers by Defendant David Acosta, Plaintiff was made to incur tangential damages relating from the refinancing and remedial payments needed to get the subject property ready for a short sale so that the Plaintiff could mitigate her damages.

The lawsuit seeks damages for: (1) Civil Conspiracy, (2) Breach of Fiduciary Duty, (3) Negligent Supervision/Due Diligence (4), Fraud and (5) Negligence.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. section 1332(a)(1), et. Seq. This Court has supplementary jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367.

3. Venue is proper is this judicial district pursuant to 28 U.S.C. section 1391(b) because the events giving rise to Plaintiff's claims, the execution of the contract and omissions, occurred in the Western District of Texas, and pursuant to 18 U.S.C. section 1965.

## PARTIES

4. Plaintiff, Tania Murray aka Tania Guzman, is a resident of El Paso, Texas, located within the Western District of Texas, and is the Managing Member of the entity of the Texas Limited Liability Company named TGAG Real Estate properties, LLC.

5. Defendant, David Acosta, is a resident of El Paso, Texas, located in the Western District of Texas, and can be served with process at his place of business, David Acosta Real Estate Group, 6006 N. Mesa suite 110, El Paso, Texas 79912.

6. Defendant, Keller Williams Realty Hollywood Hills, is a California corporation that has availed itself through its agent, David Acosta, to the jurisdiction of the Western District of Texas

and may be served at its place of business 9000 W. Sunset Blvd., suite 1100, West Hollywood, California, 90069.

7. Defendant, First Capital Trust Deeds, is a California financial institution that has availed itself to the jurisdiction of the Western District of Texas through the execution of this contract with Plaintiff and Defendant, David Acosta, and can be served with process at its principal place of business located at 1904 Harbor Blvd #524, Costa Mesa, California 92627.

8. Defendant 5 Arch Funding Corp is a California financial institution that has availed itself to the jurisdiction of the Western District of Texas through the execution of this contract with Plaintiff and Defendant, David Acosta, and can be served with process at its principal place of business located at 19800 Macarthur Blvd suite 1150, Irvine, California 92612-8445.

9. Defendant Chuck Hasz Enterprises, Inc. is a California corporation and fiduciary that has availed itself to the jurisdiction of the Western District of Texas through the execution of this contract with Plaintiff and Defendant, David Acosta, and can be served with process at its principal place of business located at 20635 Ventura Blvd, Woodland Hills, California 91364.

## **CONDITIONS PRECEDENT**

10. Plaintiff incorporates paragraphs 1 through 9 as plead herein.

11. Plaintiff affirms that she has duly complied with any and all conditions precedent anterior to the filing of this Complaint, including mitigation of her damages.

## **STATEMENT OF FACTS**

12. Plaintiff incorporates paragraphs 1 through 11 as plead herein.

13. Upon information and belief, beginning in the Summer of 2017, Defendant David Acosta a realtor with Keller Williams, herein in referred to as Defendant Acosta, presented an

investment opportunity to purchase a property located at 920 Superba Avenue in Venice, California to Plaintiff. The plan was to purchase a distressed property, renovate it with funds from a construction loan and sell for a profit. The Plaintiff, at the direction of Defendant Acosta, created an limited liability company for this transaction named "TGAG Real Estate properties, LLC".

14. Defendant Acosta directed, conspired, and confederated with Defendants 5 Arch Funding, Inc., First Capital Trust Deeds and Chuck Hasz Enterprises to defraud Plaintiff by making patently false representations about the status of progress payments and the construction on the property located at 920 Superba Avenue.

15. At all times herein, Defendant Chuck Hasz Enterprises was the escrow manager for the loan on the property at issue in this litigation.

16. At all times herein, Defendant 5 Arch Funding was the primary lender for the project orchestrated by Defendant David Acosta.

17. At all times herein Defendant First Capital Trust Deeds was the broker for the loan by and through its agent, Corey Kohnke.

18. The patently fraudulent acts of Defendant David Acosta and funding partners establish a top to bottom civil conspiracy in that Defendant Acosta was passing fraudulent checks that should have triggered internal alerts at any financial institution but were allowed to be negotiated and resulted in the unjust enrichment of Defendant Acosta.

19. Plaintiff received copies of photoshopped checks in the summer of 2019 after being alerted to the lack of progress payments to the contractors responsible for the renovation of the property purchased. Defendant Acosta presented fake checks to the escrow manager and broker for the project that were allegedly to Urban Green Development, the general contractor. The escrow manager failed to follow-up with the payments or lack thereof and allowed Defendant Acosta to

continue to defraud Plaintiff.

20. Plaintiff has suffered pecuniary loss totaling $990,436.30 and non-monetary losses of reduction in her credit worthiness given the theft of monies and refinancing that resulted from the delay.

## COUNT I
## CIVIL CONSPIRACY

21. The allegations of paragraphs 1 through 20 are incorporated herein by reference.

22. As described above, Defendants, David Acosta, Chuck Hasz Enterprises, 5 Arch Funding, and First Capital Trust Deeds, acted in concert to assist David Acosta to fraudulently acquire over $375,000.00 dollars from Plaintiff and other benefits by way of refinancing fees and costs charged to the Plaintiff by the remaining financial institutional Defendants. The escrow manager had a fiduciary duty to verify the progress payments to the general contractor, but completely failed to do so, which indicates a common purpose and motive.

23. The acts and omissions by Defendants were the direct and proximate cause of the pecuniary and non-financial injuries to Plaintiff.

## COUNT II
## BREACH OF FIDUCIARY DUTY

24. The allegations of paragraphs 1 through 23 are incorporated herein by reference.

25. As described above, Defendants Chuck Hasz Enterprises, First Capital Trust Deeds and 5 Arch Funding had a fiduciary relationship with the Plaintiff given the secure note contracted for and funds deposited for the benefit of Plaintiff.

26. The elements of a cause of action for breach of fiduciary duty are the existence of a fiduciary relationship, breach of fiduciary duty, and damages. See Premium Hospitality, L.L.C. v. Astra Capital Funding, 2013 U.S. Dist. LEXIS 101217, *29, 2013 WL 3791495. Given the

foregoing allegations contained within the preceding paragraphs, it is abundantly clear that the Defendants breached the fiduciary relationship flowing to Plaintiff that resulted in the damages incurred.

## COUNT III
## FAILURE TO SUPERVISE/PERFORM DUE DILIGENCE

27. Plaintiff re-alleges paragraphs 1-26 as plead herein.

28. Defendant Keller Williams Realty Hollywood Hills had a responsibility to properly supervise and oversee the work of its agent, Defendant David Acosta at all times pertinent herein.

29. As set forth in the factual recitation above, Defendant Keller Williams Realty Hollywood Hills, failed to supervise Defendant Acosta, or was acting in concert with said Defendant for a pecuniary benefit from their agent's work.

30. The breach of the duty owed to Plaintiff is the direct and proximate cause of the damages incurred by the Plaintiff.

## COUNT IV
## FRAUD

31. Plaintiff re-alleges paragraphs 1-30 as plead herein.

32. In order to prevail on the claim of Fraud, Plaintiff must prove that (i) the Defendants made a false representation as to a past or existing fact (ii) which was material to the transaction, (iii) the Defendants knew the representation to be false, (iv) and made the representation for the purpose of inducing Plaintiff to take certain action, (v) Plaintiff reasonably relied upon the representation, (vi) to its detriment. See Meyers v. Moody, 693 F.2d 1196, 1214 (5th Cir.1982), cert. denied, 464 U.S. 920, 104 S. Ct. 287, 78 L. Ed. 2d 264 (1983); DeSantis v. Wackenhut Corp., 793 S.W.2d 670, 688 (Tex.1990), cert. denied, 498 U.S. 1048, 111 S. Ct. 755, 112 L. Ed. 2d 775 (1991);

Kansa Reinsurance Co. v. Congressional Mortgage Corp., 20 F.3d 1362, 1375, 1994 U.S. App. LEXIS 11859.

33. Plaintiff relied on multiple representations from Defendants David Acosta, Chuck Hasz Enterprises, First Capital Trust Deeds in entering into the subsequent financing agreements with 5 Arch Funding Corporation. Defendant Acosta negotiated fraudulent financial instruments to Co-Defendants without being scrutinized thereby leading to the unjust enrichment of Defendant Acosta along with the fees and costs cited above.

34. The fraudulent acts of Defendants were the direct and proximate cause of the damages complained of herein.

## COUNT V
## NEGLIGENCE

35. Plaintiff re-alleges paragraphs 1-34 as plead herein.

36. Each and every Defendant, David Acosta, Keller Williams Realty Hollywood Hills, 5 Arch Funding Corporation, First Capital Trust Deeds and Chuck Hasz Enterprises owed a duty of performing their duties in a normal and workmanlike manner to Plaintiff. The disturbing factual history of this case clearly sets forth, at a minimum, the negligent actions and omissions of the named Defendants in dealing with Plaintiff and in handling the funds on deposit for Plaintiff's benefit.

37. The negligent acts of Defendants were the direct and proximate cause of the damages complained of herein.

## PRAYER

38. Plaintiff hereby prays that the Court issue citation, set this matter on the jury docket and that judgment issue against all Defendants pursuant to proof.

39. Plaintiff hereby Demands Trial by Jury.

Respectfully submitted,

Ortega McGlashan & Perez, P.L.L.C.
Attorneys & Counselors at Law
609 Myrtle Avenue suite 100
El Paso, Texas 79901
915-542-1883
915-542-3500 Fax

By: _____
    Gabriel S. Perez
    Texas State Bar No.: 24063580
    New Mexico State Bar No.: 138288
    gabrielperez@omhplaw.com
    Attorney for Plaintiff